**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

IN RE:

JUSTIN MICHAEL CREW
COURTNEY JOANN CREW                    Case No. 20-04106-JJG-7

       Debtors.                         Chapter 7

---

JUSTIN MICHAEL CREW
COURTNEY JOANN CREW                    Judge JEFFREY GRAHAM

       Plaintiffs,                     Adversary Proceeding
                                       Case No. 20-50108

vs.

National Collegiate Student Loan Trust 2007-2
And Student Loan Trust 2005-3

       Defendant.

---

**AGREED CONSENT TO JUDGMENT OF ADVERSARY
PROCEEDING BETWEEN PLAINTIFF AND NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2007-2 AND STUDENT LOAN TRUST 2005-3**

      The Plaintiffs, Justin Michael Crew and Courtney Joann Crew ("the Plaintiffs"), and

Defendant, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan

Trust 2005-3 ("NCT"), by and through their undersigned counsel, hereby agree as follows:

      1.      On July 20, 2020, the Plaintiffs filed a voluntary petition for relief under Chapter

7 of the United States Bankruptcy Code.

      2.      On July 28, 2020, the Plaintiffs filed a Complaint naming NCT as Defendant,

seeking a discharge of educational loan debt under 11 U.S.C. § 523(a)(i).

      3.      The Plaintiffs are indebted to NCT pursuant to the applicable terms of a

Promissory Note ("Promissory Note") executed by the Plaintiff to obtain an educational loan

("Student Loan") with the approximate balance, as of the filing of this Adversary Proceeding of $116,484.43.

4.      NCT shall have judgment in the amount referenced in paragraph 3.

5.      Promissory Note and the Student Loan evidenced by the Promissory Note is a nondischargeable educational loan, pursuant to 11 U.S.C. § 523(a)(8).

6.      Upon compliance with and completion  of the terms in this agreement ,  Plaintiffs' liability under the Note shall be deemed satisfied, and any remaining balance due under the original terms of the Notes will be discharged through the Plaintiffs' Bankruptcy case on the basis of undue hardship.

7.      For so long as the Plaintiffs do not default under this Agreed Consent to Judgment, the Plaintiffs and NCT agree to a settlement of the Adversary proceeding on the following terms: Plaintiffs shall pay the total sum of **$61,800.00** ("Total Payments"), with a zero % interest rate ("Reduced Interest"), per the following monthly **"step up" payment** schedule beginning **June 15th, 2021 and maturing June 15, 2041**:

| Months | Payment | Total |
|--------|---------|-------|
| 1-36 | $100.00 | $3,600.00 |
| 37-72 | $175.00 | $6,300.00 |
| 73-109 | $250.00 | $9,000.00 |
| 110-242 | $325.00 | $42,900.00 |

**$61,800.00   Total Payments**

8.      **All payments pursuant to this Agreed Consent to Judgment shall reference number ****001 WWR#040650318 and ****002 WWR#040650319** (redacted here for privacy reasons) on the payment and shall be mailed to Weltman, Weinberg & Reis, LPA, P.O. Box 93784, Cleveland, OH 44101-5784.

9.     The following shall be Events of Default hereunder:  (a) the Plaintiffs shall fail to make any payment due hereunder within thirty (30) days of the due date without securing NCT's agreement to forbearance of such payment(s); or (b) the Plaintiffs commence any further legal proceedings against NCT, its predecessors, successors or assigns.

10.     Should the Plaintiffs fail to make regular payments as stated in paragraph 7 the Judgment will be in default.  Defendant's counsel will notify the Plaintiffs' counsel of such default by facsimile or email.  Plaintiffs shall have ten (10) days from the receipt of such notice in which to cure the default.  Should the Plaintiffs fail to cure default within said ten (10) days then Defendant shall file and serve an Affidavit of Default on the Court, Plaintiff and Plaintiff's counsel of record.

11.     Upon the occurrence of an Event of Default under this Agreed Consent to Judgment, pursuant to paragraph 7 of this Agreed Consent to Judgment, any forgiveness of the principal and interest is revoked, and the Plaintiffs will be liable for the full amount of the Outstanding Balance, as referenced in paragraph 3 above,  plus interest pursuant to the applicable terms of the Promissory Note for the Plaintiffs' Student Loan (less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Agreed Consent to Judgment not been in effect, and then to principal).

12.     There is no penalty for prepayment under this Agreed Consent to Judgment but any prepayment, unless it is payment in full, does not relieve the Plaintiffs of the obligation to make ongoing monthly payments.

13.     In the event the Plaintiffs, pursuant to applicable NCT policy and the terms of the Promissory Note, qualifies for, or the parties agree to, any deferment or forbearance of payment obligations, after this Agreed Consent to Judgment is approved, interest will continue to accrue during the time of any such deferment or forbearance, at the interest rate stated herein, so that the

total amount to be repaid, and the monthly payment required, may increase from that stated herein.

14.    Should any issues arise, related to billing or repayment of the loan subject to this agreement, wherein the Plaintiff believes that billing or collection efforts related to the loan subject to this agreement are not in accordance with the Agreed Consent to Judgment, the Plaintiffs agree that such issues should be directed to Weltman, Weinberg & Reis, LPA, who may be reached at 800-884-4128, or to any other telephone number provided by NCT in writing, or in response to a specific borrower inquiry.    The parties understand that any such communications, if not directed as specified in this Paragraph, may not be addressed in a timely manner, or in a manner in accordance with this Agreed Consent to Judgment.

15.    Except as provided in this Agreed Consent to Judgment, all other terms of the Promissory Note remain in effect and are hereby incorporated by reference.

16.    Any amendment, modification, or waiver of any term of condition of this Agreed Consent to Judgment must be made in writing and signed by all parties hereto.

17.    This Agreed Consent to Judgment may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Agreed Consent to Judgment.

18.    Plaintiffs unconditionally agree that said amount shall be non-dischargeable in the above-referenced bankruptcy case or any other bankruptcy case of Plaintiffs filed in the future.

WHEREFORE, the parties pray this Honorable Court for an Order approving this Agreed Consent to Judgment.

By: /s/ John Erin McCabe_____
John Erin McCabe
Weltman, Weinberg & Reis Co., L.P.A.
Attorney for Defendant
National Collegiate Student Loan Trust
525 Vine Street, Suite 800
Cincinnati, OH 45202
513-723-2206
jmccabe@weltman.com


By: /s/ Eric C Redman *(by email permission) _____
Eric C Redman
REDMAN LUDWIG PC
Attorney for Plaintiffs
151 N Delaware St Ste 1106
Indianapolis, IN 46204
317-685-2426
eredman@redmanludwig.com